IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. MCKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-02437-SHL-atc |
| | ) | |
| F.J. BOWERS, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION AND PENDING MOTION
AND CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

On July 20, 2023, Petitioner Charles E. McKinney, Bureau of Prisons ("BOP") register number 30291-076, a former inmate at the Federal Correctional Institution Satellite Camp in Millington, Tennessee ("FCI Memphis"),[1] filed a *pro* se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition").  (ECF No. 1.)

Petitioner paid the habeas filing fee.  (ECF No. 2.)  On August 8, 2023, the Court ordered Respondent Warden F.J. Bowers to submit a response to the §2241 Petition.  (ECF No. 4.)  On September 5, 2023, Bowers filed an amended motion for extension of time to file an answer[2] (ECF No. 8), which the Court granted, and which allowed Bowers until September 26, 2023, to file an answer  (ECF No. 9).  On September 27, 2023, Bowers filed the Motion to Permit Instanter Filing of Petition Response (the "Pending Motion") (ECF No. 10), and his Response to Petition for Writ

---

[1] Petitioner is currently at a halfway house.  *See* Federal Bureau of Prisons, Find an Inmate (https://www.bop.gov/inmateloc/ (type  30291-076 under number; then click search) (last accessed July 31, 2024).  *See also* ECF No. 12.

[2] Respondent's original Motion referenced an incorrect case caption and case number.  (*See* ECF No. 6.)

of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 11).  On November 9, 2023, Petitioner filed a change of address notice, indicating he was no longer housed at FCI Memphis.  (*See* ECF No. 12.)

For the reasons that follow, the § 2241 Petition is **DENIED** as **MOOT**.  Judgment shall be entered for Respondent.  The Court **DENIES** the Pending Motion as **MOOT**.

I. BACKGROUND

McKinney plead guilty and was convicted in the United States District Court for the Western District of Tennessee of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1).  (No. 2:17-cr-20150-1 (W.D. Tenn.), ECF No. 30 at PageID 105.)  On December 15, 2017, Petitioner was sentenced to an aggregate sentence of 112 months of imprisonment, followed by a 3-year term of supervised release.  (*Id*. at PageID 105–07.)  He did not file a direct appeal.

II. § 2241 PETITION

On July 20, 2023, Petitioner filed his § 2241 Petition alleging Eighth Amendment claims based on his requests for recalculation and application of his earned time credits under the First Step Act ("FSA"). (ECF No. 1.)  McKinney alleges that he first requested the administrative remedy of the calculation of his FSA credits on June 4, 2022, by filing a BP-229(13) form requesting administrative remedy.  (*Id*. at PageID 6; ECF No. 1-2 at PageID 13.)  On June 26, 2022, he filed an additional administrative remedy form requesting FSA credits be applied so that he could qualify for "halfway/home confinement."  (ECF No. 1 at PageID 6; ECF No. 1-3 at PageID 14.)  The case manager at FCI Memphis SPC, Officer Sanford, issued the staff response on June 29, 2022, stating that the "Central Office is running a monthly program to apply credits for eligible inmates."  (ECF No. 1 at PageID 6.)  On August 8, 2022, Bowers responded to

2

Petitioner's requests for administrative remedies explaining that the "phase in" period for FSA credits to be applied to sentence computation data had begun and recommended Petitioner "continue to follow-up with your assigned [u]nit [t]eam for updates." (ECF No. 1-4 at PageID 15.)

On August 21, 2022, Petitioner filed a regional administrative remedy appeal requesting his FSA credits be applied to his sentence computation. (ECF No. 1 at PageID 6; ECF No. 1-5 at PageID 16.) On November 28, 2022, Regional Director Petrucci responded to Petitioner's appeal stating that his FSA credits had been applied and that he had 295 days of credits that could be applied to his Residential Re-Entry Manager ("RRM") placement. (ECF No. 1 at PageID 6; ECF No. 1-6 at PageID 17.) McKinney alleges an email was sent in January 2023 by unit manager Smith to "Counselor Heaston, Case Manager Sanford and Unit Manager Hardy" instructing them to apply Petitioner's FSA credits and give him an "out" date of February 1, 2023. (ECF No. 1 at PageID 6.) McKinney asserts that the April 20, 2023, response from Bowers to McKinney's request for administrative remedy indicates that these instructions were not followed.[3] (*Id*. at PageID 6; ECF No. 1-8 at PageID 19.) In Bowers's April 20, 2023 response, he denied the request for administrative remedy and indicated that Petitioner's concerns were repetitive and were previously addressed. (ECF No. 1-8 at PageID 19.)

Petitioner asks the Court to order Respondent to "award him 'ALL' earned credits to his release to prerelease custody immediately." (ECF No. 1 at PageID 11.)

### III.   ANALYSIS

Article III of the Constitution limits "'federal-court jurisdiction to actual cases or

---

[3] There is no January 2023 email or request for administrative remedy relating to these allegations attached to ECF No. 1. The April 20, 2023 response from Bowers does not mention the email or indicate whether the instructions were followed. (*See* ECF No. 1-8.)

controversies.'" *Hein v. Freedom from Religion Fund*, 551 U.S. 587, 597 (2007) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (internal quotation marks omitted)). The case or controversy requirement, which must be met through every stage of the litigation, demands that the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case is no longer "live," and is thus moot, where "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009).

When a habeas corpus petitioner challenges the validity of a sentence that expires during the course of the litigation, the court will not presume that the petitioner continues to suffer a concrete injury redressable by the habeas court. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998); *Demis*, 558 F.3d at 512. Absent an affirmative showing that the petitioner is suffering concrete "collateral consequences" after his completed sentence, his claim is properly dismissed as moot. *Spencer*, 523 U.S. at 14; *Demis,* 558 F.3d at 512–13.

During the pendency of this litigation, Petitioner was released to RRM and as such he has received his requested relief. *See* Federal Bureau of Prisons, Find an Inmate (https://www.bop.gov/inmateloc/ (type 30291-076 under number; then click search) (last accessed July 31, 2024). (*See also* ECF No. 12.) Because this petition requests that the Court consider a controversy that is no longer active, McKinney's petition is **DENIED AS MOOT**. Respondent's Pending Motion (ECF No. 10) is also **DENIED AS MOOT** (ECF 10.) Judgment shall be entered for Respondent.

IV.     APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability

4

under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[4]

## V.    CONCLUSION

For the reasons explained above:

A.    The § 2241 Petition (ECF No. 1) is **DENIED AS MOOT**.

B.    The Pending Motion (ECF No. 10) is **DENIED AS MOOT**.

---

[4] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.

C. The Court **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.

D. Judgement shall be entered for Respondent.

**IT IS SO ORDERED,** this 7th day of August, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE